FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 29 2018 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SABAS MARTINEZ,

        Plaintiff,

-against-

THOMAS LOUGHREN, ET AL.

        Defendants.
------------------------------------------------------------X

**ORDER**
13-CV-1319 (JFB)(AKT)

JOSEPH F. BIANCO, District Judge:

On March 8, 2018, Magistrate Judge A. Kathleen Tomlinson issued a Report and Recommendation (the "R&R," ECF No. 148) recommending that the Court grant the motion to dismiss filed by defendant Thomas J. Loughren, Commissioner of the New York State Department of Corrections ("defendant" or "Commissioner Loughren"). The R&R discusses the procedural history of this case at length, including the consolidation of this action on December 22, 2016 with a case (now closed) originally filed under docket number CV 16-5268, in which *pro se* plaintiff Sabas Martinez ("plaintiff") had submitted an iteration of his original complaint. (R&R at 1.) The R&R discusses the multiple filings naming as defendants Commissioner Loughren as well as Suffolk County Sheriff Vincent Demarco, Warden Charles Ewald, certain Suffolk County Corrections officers and supervisors, a "John Doe" Corrections supervisor, and multiple "John Doe" Corrections officers.[1] (*Id.* at 2.) Plaintiff's filings include allegations that corrections staff violated his constitutional rights through verbal threats, harassment, intimidation, improper physical contact, improper destruction and handling of mail, and deprivation of privileges including his right to Spanish language religious services. (*Id.* at 5-7.)

---

[1] The R&R notes that one of plaintiff's complaints named as defendants over 100 individual corrections officers. (R&R at 2.)

1

With respect to Commissioner Loughren, plaintiff alleges that Loughren, acting in his official capacity under the color of state law, violated his rights by denying plaintiff's request to move him out of Suffolk County Correctional Facility, and conspiring with other public servants and corrections officers to "cover up the[ir] illegal acts" that deprived plaintiff of his constitutional rights. (*Id.* at 7, 23.)

On May 8, 2017, Commissioner Loughren filed a motion to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 132.) Plaintiff opposed the motion (ECF No. 135), and, on October 6, 2017, the undersigned referred defendant's motion to dismiss to Judge Tomlinson for a Report and Recommendation as to whether the motion should be granted (ECF No. 146).

Judge Tomlinson's R&R, recommending that the Court grant defendant's motion to dismiss, was served on plaintiff by UPS overnight delivery on March 9, 2018. (ECF No. 149.) The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (R&R at 23.) The Court received plaintiff's objections to the R&R ("objections") on March 26, 2018. (ECF No. 150.) Under a *de novo* standard of review, the Court has considered plaintiff's objections, along with the parties' other submissions. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety and grants the motion to dismiss as to defendant Commissioner Loughren.

### Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings

contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

### Plaintiff's Objections

Plaintiff objects to the R&R primarily on the grounds that, contrary to Judge's Tomlinson's determination, he had sufficiently alleged defendant's personal involvement in the alleged harms to state a claim under § 1983. Plaintiff states that "defendant as state actor had . . . personal knowledge and involvement o[f] plaintiff['s] grievances, appeals, [which were] sen[t] . . . to his office agency, and he, 'failed' to act to stop such t[]reatment against plaintiff. See 'Exhibits [e]nclosed.'" (ECF No. 150 ("Objections") at 2.) Plaintiff also objects to Judge's Tomlinson's opinion on the basis that defendant "has no[] Eleventh Amendment immunity because he has taken 'an oath of office' which he can no[t] violate[]." (*Id.* at 1.) Further, plaintiff asks whether defendant can "show proof evidence certified true copy that the state of New York has not waived its sovereign immunity after he took his oath of office." (*Id.*) Finally,

3

plaintiff argues that defendant was not entitled to qualified immunity, claiming that defendant was negligent in acts against plaintiff performed in the scope of his employment, and engaged in "discretionary illegal wrong acts" that were "taken in bad faith." (*Id.* at 7.) The remainder of plaintiff's objections reiterate that defendant had the requisite person involvement, "failed to act" to stop the alleged mistreatment, and conspired to deprive plaintiff of his constitutional rights, and that plaintiff had sufficiently pleaded facts to state a § 1983 claim. (*See id.* at 2-6, 8.)

To support his objection that defendant had the requisite personal knowledge of plaintiff's alleged grievances, plaintiff directs the Court to the following exhibits attached to his objections: (1) defendant's letter to Sheriff DeMarco, dated May 19, 2015, stating that "the Citizen's Policy and Complaint Review Council has reviewed the above-referenced grievance at its May 14, 2015 meeting and the Council voted to deny the grievance. The Council sustains the action taken by the facility administration" (*id.* at 11); (2) essentially the same letter, dated November 10, 2016, regarding a different grievance (*id.* at 12); and (3) two more of same letters, regarding two other grievances, both dated December 8, 2016 (*id.* at 13, 14).

## Analysis

Having conducted a review of the full record and the applicable law, and having conducted a *de novo* review of the entire R&R, the Court adopts the findings and recommendations contained in the R&R in their entirety. In the R&R, Judge Tomlinson found that the motion to dismiss should be granted on the basis of (1) Eleventh Amendment sovereign immunity for any claim in his official capacity, (2) plaintiff's failure to allege personal involvement, or an underlying cause of action, in support of his § 1983 claim, and (3) qualified immunity.

The R&R explained that, to the extent plaintiff attempted to bring his claim against defendant in his official capacity, Eleventh Amendment sovereign immunity bars that suit as a suit against the State of New York. (R&R at 18.) Judge Tomlinson noted that neither consent to suit nor congressional abrogation of immunity permitted a claim against defendant in his official capacity in this case. (*Id.*)

With regard to the § 1983 claim, the R&R explained that plaintiff failed to allege that defendant, who was not a "supervisory official" and had "no direct power to control or direct the customs and policies of the facilities," was personally involved in the alleged deprivations of plaintiff's rights. (*Id.* at 20 (citing *Brody v. McMahon*, 684 F. Supp. 354, 355-56 (N.D.N.Y.), *aff'd*, 862 F.2d 304 (2d Cir. 1988)).) The R&R explained that plaintiff "fails to allege any facts to support an inference that Loughren was on notice of anything with respect to Plaintiff, let alone of mistreatment or a constitutional deprivation." (*Id.* at 22.) Judge Tomlinson noted that plaintiff did not, for instance, "plausibly suggest that Loughren personally reviewed and denied any of Plaintiff's grievances or requests" (*id.*), or even allege that "Loughren was aware of Plaintiff or his alleged constitutional deprivations" (*id.* at 23). She also notes the requirement that the plaintiff "must demonstrate, *inter alia*, that the defendant acted with more than mere negligence." (*Id.* at 23 n.6 (citing *Grune v. Rodriguez*, 176 F.3d 27, 33 (2d Cir. 1999)).) In addition to lacking allegations regarding personal involvement, the R&R concluded that plaintiff's § 1983 claim consisted of "exclusively conclusory assertions that lack any factual support" for his conspiracy claim. (*Id.* at 24.)

Finally, the R&R explained that defendant was protected from suit by qualified immunity because plaintiff failed to allege the requisite violation of "any statutory or constitutional rights,

5

clearly established or otherwise" to defeat this privilege. (*Id.* at 25.) For these reasons, Judge Tomlinson recommended that defendant's motion to dismiss be granted in its entirety.

The Court has considered plaintiff's objections and determines that they do not point to any errors in Judge Tomlinson's analysis, discussed *supra*. Even after liberally construing plaintiff's objections, the Court determines that plaintiff has failed to explain how his allegations can support a plausible claim against defendant for the violation of his constitutional rights. Plaintiff attempts to address each of Judge Tomlinson's three grounds for dismissal through what Judge Tomlinson described (in plaintiff's other submissions) as "exclusively conclusory assertions that lack any factual support." (*Id.* at 24.) With respect to plaintiff's objections to the Eleventh Amendment and qualified immunity analyses, after *de novo* review, the Court finds plaintiff has again put forward merely conclusory assertions that do not show any legal or factual error in Judge Tomlinson's reasoning.

On the other hand, the Court finds plaintiff's objections did contain factual allegations and documents pertaining to Commissioner Loughren's personal involvement that were part of his opposition, but that these allegations and documents still failed to provide sufficient support for a plausible § 1983 claim. Responding to the R&R's determination that plaintiff had failed to allege plausibly suggest that "Loughren personally reviewed and denied any of Plaintiff's grievances or requests" (*id.*), or even that "Loughren was aware of Plaintiff or his alleged constitutional deprivations" (*id.* at 23), plaintiff submitted as exhibits defendant's letters "deny[ing] his grievance[s]." (*Id.* at 11-14.) Although the Court finds that plaintiff's letters show defendant's awareness of plaintiff and his alleged grievance, these letters fail to put forward evidence that the defendant was involved in the alleged misconduct. Further, the letters fail to provide support for the underlying conspiracy claim, which requires evidence of (1) "an

6

agreement between two or more state actors," (2) "to act in concert to inflict an unconstitutional injury," and (3) "an overt act done in furtherance of that goal causing damages." (*Id.* at 24 (quoting *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) (citations omitted)).) The mere fact that defendant sent letters communicating the Citizen's Policy and Complaint Review Council's decision (to sustain the facility's action responding to plaintiff's grievances) does not demonstrate defendant's involvement in the decision, awareness of an unconstitutional injury, or any other facts in support of the elements of a conspiracy. Thus, even considering these allegations of some involvement by Commissioner Loughren highlighted by plaintiff in his objections, plaintiff has still failed to plausibly allege a § 1983 claim against Commissioner Loughren in connection with any unconstitutional injury that he alleges in this case. The Court also notes that these allegations and exhibits do not impact the analyses in the R&R regarding Eleventh Amendment immunity in an official capacity claim, as well as the application of qualified immunity.

In light of the foregoing, under a *de novo* standard of review, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety.[2] Accordingly,

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 132) is granted as to Commissioner Loughren. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[2] The Court has considered whether to afford plaintiff another opportunity to amend. However, even having considered his objections and exhibits, given the substantive nature of the defects, the Court concludes that any attempt to amend would be futile, and, thus, leave to amend is denied. *See, e.g., Ackerman v. Doyle*, 43 F. Supp. 2d 265, 275 (E.D.N.Y. 1999) ("[T]he Court is unable to discern a viable cause of action from the complaint, and . . . [i]n the Court's view, granting leave to amend would be unproductive and dismissal with prejudice is appropriate.").

IT IS FURTHER ORDERED that Commissioner Loughren serve a copy of this Order on plaintiff.

SO ORDERED.

*Joseph Bianco*
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 29, 2018
Central Islip, New York