UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SABAS MARTINEZ,

                            Plaintiff,

                                                        **REPORT AND RECOMMEDATION**
           -against-                                           13 CV 1319 (KAM) (CLP)

VINCENT F. DEMARCO, *et al.*,

                            Defendants.
---------------------------------------------------------X
**POLLAK**, Chief United States Magistrate Judge:

On March 8, 2013, plaintiff Sabas Martinez commenced this action against defendants

Vincent F. DeMarco, Charles Ewald, Lieutenant John Doe 1, and Sergeant John Does 2 and 3,

alleging that defendants violated plaintiff's rights under the Eighth and Fourteenth Amendments,

based on an incident that occurred on January 26, 2013. (See ECF No. 1). Currently pending

before this Court is plaintiff's motion to amend his Third Amended Complaint to add an

additional claim for an incident that allegedly occurred on July 28, 2012. (See ECF No. 218).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his first Complaint in this action on March 8, 2013. (See ECF No. 1). On

March 20, 2013, the Honorable Joseph F. Bianco, then a United States District Judge, granted

plaintiff's motion to proceed *in forma pauperis*, and Ordered the Suffolk County Attorney's

Office to ascertain the full names and badges of the John Doe defendants. (See ECF No. 7). The

John Doe defendants were later identified as Lieutenant Rollins Otten, Corrections Sergeant

Robert Peraino, Corrections Sergeant Kevin Kelley, and Corrections Sergeant Dennis Horl.[1]

---

[1] Dennis Horl was also added as a defendant because plaintiff's Complaint listed his badge
number, although the Suffolk County Attorney's Office identified Mr. Otten, Mr. Peraino, and Mr. Kelley
as the individuals involved in the alleged incident. (See ECF No. 8).

Pursuant to Judge Bianco's prior Order, the Complaint was deemed amended; all defendants subsequently filed a joint answer on May 15, 2013.  (See ECF No. 12).

After the case was held in abeyance for several months due to an issue in a parallel state proceeding, plaintiff was given leave to file another amended complaint.  (See ECF No. 55).  On August 11, 2015, plaintiff filed his First Amended Complaint, adding Thomas J. Loughren, Corrections Sergeant Richard Schenkman, Corrections Officers Matthew Manthe, Matthew Geremia, John Purcell, and Craig Rosenblatt, Corrections Sergeant John Doe, and 18 Corrections Officer John Does.  (See ECF No. 76).  Plaintiff also added claims based on additional incidents. (See id.).

After the named defendants jointly answered the First Amended Complaint on August 27, 2015, plaintiff moved to amend his Complaint again on December 1, 2015, seeking to add certain additional claims.  (See ECF No. 87).  Specifically, plaintiff sought to add:  "(1) an alleged assault on July 28, 2012; (2) an alleged destruction of paperwork on January 26, 2013; (3) a denial of a writ/petition in September 2015; and (4) an alleged assault on November 3, 2015."  (Id. at 2).

On April 13, 2016, the court issued an Order, granting in part and denying in part plaintiff's motion to amend the First Amended Complaint.  (See Bianco Ord.[2]).  Plaintiff was given leave to add only the November 3, 2015 incident.  (Id. at 4).  The court found that the 2012 and 2013 incidents were barred by the three-year statute of limitations for claims arising under 42 U.S.C. § 1983.  (Id. at 2).  The court further found that the claims did not relate back to plaintiff's original claims because they did not arise out of the same transaction or occurrence as

---

[2] Citations to "Bianco Ord." refer to Judge Bianco's Order granting in part plaintiff's motion to amend, filed Apr. 13, 2016, ECF No. 92.

the original claims.  (Id. at 3).  Lastly, the court found that the claim alleging wrongful denial of a writ/petition in September 2015 was barred by judicial immunity.  (Id.)

On June 14, 2016, plaintiff filed the Second Amended Complaint.  (See ECF No. 100). On July 7, 2016, defendants moved to strike four claims in the Second Amended Complaint. (See ECF No. 102).  Defendants' motion was granted on July 11, 2016, striking claims based on incidents that allegedly took place on January 16, 2014, July 1, 2014, July 31, 2014, and November 10, 2015.  (See ECF No. 103).  Additionally, Judge Bianco noted that plaintiff was previously given leave only to add the November 3, 2015 incident.  As a result, the newly named defendant John Stein and 49 additional John Doe defendants, as well as the claims made against those individuals, were also struck from the action.  (See id.).

All defendants, with the exception of defendant Thomas J. Loughren, filed a joint answer to the Second Amended Complaint on July 20, 2016.  (See ECF No. 104).  In lieu of answering, defendant Loughren filed a motion to dismiss, which was granted on March 29, 2018.  (See ECF No. 151).  After this action was consolidated with another action which added additional claims and defendants, Docket No. 16 CV 5268, all defendants in the consolidated action filed an answer on March 13, 2017.  (See ECF No. 123).  The complaints in the two actions have not been merged, resulting in two operative Complaints.  (See ECF No. 212 (including both Complaints)).

On May 21, 2020, the Honorable Kiyo A. Matsumoto[3] granted in part and denied in part defendants' motion for summary judgment.  (See Matsumoto Ord.[4]).  The court dismissed the claims against defendants Vincent DeMarco and Charles Ewald, and granted defendants' motion

---

[3] On March 8, 2019, the case was transferred to the Honorable Kiyo A. Matsumoto.
[4] Citations to "Matsumoto Ord." refer to Judge Matsumoto's Order granting in part defendants' motion for partial summary judgment, filed May 21, 2020, ECF No. 185.

for summary judgment as to plaintiff's conditions of confinement, personal property destruction or damage, and verbal abuse claims.  (Id.)  Defendants' motion seeking judgment as to plaintiff's retaliation claims was denied without prejudice.  (Id.)  Defendants subsequently refiled their motion for summary judgment as to the retaliation claims, which was again denied by the court on August 16, 2021.  (See ECF No. 200).

As a result, plaintiff's remaining claims consist of "three instances of physical assault," "eight instances in which Plaintiff was not allowed to attend religious services," "two instance[s] in which Plaintiff was denied medical care,"[5] and his retaliation claims.  (Matsumoto Ord. at 8; ECF No. 200).  Defendants were further Ordered to provide complete interrogatory responses to plaintiff, to enable him to identify some of the John Doe defendants.  (ECF No. 200).

On October 14, 2021, defendants provided responses to plaintiff's interrogatories, naming Corrections Officers Matthew Rahner and James Faherty.  (See ECF No. 208).  On October 20, 2021, this Court Ordered plaintiff to amend the Second Amended Complaint to substitute the names of the corrections officers for the John Doe defendants and specify the actions that they took.  (See ECF No. 209).  On December 8, 2021, plaintiff's Third Amended Complaint was filed, substituting the names of the officers provided by defendants for the

---

[5] Defendants did not seek summary judgment on these claims.  (Matsumoto Ord. at 8).  The physical assaults allegedly took place on April 14, 2014, November 3, 2015, and April 17, 2015.  The medical care denials allegedly took place on November 3, 2015, and May 10, 2016.  Lastly, plaintiff's claims regarding his denials of religious services took place on February 14, 2013, June 18, 2013, April 28, 2013, August 17, 2013, January 16, 2014, June 11, 2015, April 7, 2016, and April 24, 2016.  (Id. at 8-10).  The Court notes that the status of the January 16, 2014 claim remains somewhat unclear.  Although Judge Bianco struck this January 16, 2014 claim on July 11, 2016 (see ECF No. 103), in ruling on defendants' unopposed motion for summary judgment, Judge Matsumoto discussed all eight of plaintiff's claims of denial of reasonable accommodations, including this one, noting that defendants had not moved for summary judgment on the "foregoing claims."  (Matsumoto Ord. at 10).  However, it does not appear that plaintiff is attempting to revive this January 16, 2014 claim because, as noted, plaintiff marked the claim with an "(x)" indicating that he no longer is pursuing that claim.  (See ECF No. 217 (noting that claims and defendants "preceded by an (x) were removed," and explaining that it "is not [his] intention to attempt revival")).  Indeed, it appears that he is only seeking to pursue the incident that occurred on July 28, 2012.  (See Third Am. Compl. at 19).

4

previously named John Doe defendants.  (See Third Am. Compl.[6]).  On January 10, 2022, defendants objected to plaintiff's Third Amended Complaint insofar as it added "additional claims and/or defendants" that were previously "stricken," "dismissed on summary judgment" or "for which leave to amend was previously denied."  (See Defs.' Ltr.[7]).

In their motion, defendants point to the addition in the Third Amended Complaint of the July 28, 2012 incident that Judge Bianco had previously denied on April 13, 2016, when plaintiff sought leave to add the incident as part of his Second Amended Complaint.  (Id. at 2). Additionally, defendants note that the Third Amended Complaint contains claims based on the incidents that allegedly took place on January 16, 2014, July 1, 2014, July 31, 2014, and November 10, 2015; these claims had also been previously disallowed and struck from the pleadings, along with defendants John Stein and the 49 John Doe defendants.  (Id.)  Finally, defendants object to the Third Amended Complaint to the extent that it references incidents and names defendants Vincent DeMarco and Charles Ewald, both of whom were dismissed by Judge Matsumoto on summary judgment.  (Id. at 2).

On February 15, 2022, plaintiff wrote a letter to this Court, noting that the defendants who were "preceded by an (x) were removed," and explaining that it "is not [his] intention to attempt revival."  (See ECF No. 217).  Thereafter, on February 22, 2022, the Court received a duplicate of plaintiff's letter, which attached a letter addressed to Judge Matsumoto.  In the letter, plaintiff now states that the only claims he seeks to add are "the brutal physical assault, the intentional destruction of legal papers/legal work, personal property, [and] use of excessive force

---

[6] Citations to "Third Am. Compl." refer to plaintiff's Third Amended Complaint, filed Dec. 8, 2021, ECF No. 212.

[7] Citations to "Defs.' Ltr." refer to defendants' letter opposition to plaintiff's Third Amended Complaint, filed Jan. 10, 2022, ECF No. 214.

by defendants on July 28, 2012;" claims which were first raised during his deposition on October 3, 2017.  (Pl.'s Resp.[8]).

For the following reasons, the Court respectfully recommends that plaintiff's request to amend his Complaint to reallege claims that were already denied or claims on which defendants were already granted summary judgment be denied.  The Court further recommends that the July 28, 2012 claim specifically, as well as the aforementioned previously dismissed or stricken claims and defendants, be stricken from plaintiff's Third Amended Complaint.

## DISCUSSION

### A.  Standards for Amending a Pleading

As a threshold matter, "[i]t is well established that a court is ordinarily obligated to afford a special solicitude to pro se litigants."  Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010).  Such solicitude "most often consists of liberal construction of pleadings, motion papers, and appellate briefs."  Id.  Therefore, this Court has construed the pro se plaintiff's pleadings and testimony liberally and interpreted them to "raise the strongest arguments that they suggest."  Pierre v. City of New York, 531 F. Supp. 3d 620, 624 (E.D.N.Y. 2021) (quoting Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend its complaint once as a matter of course within 21 days after serving the original complaint or within 21 days after a responsive pleading has been served.  Fed. R. Civ. P. 15(a)(1); see Blanchard v. Doe, No. 17 CV 6893, 2019 WL 2211079, at *3 (E.D.N.Y. May 22, 2019); Santagata v. Diaz, No. 17 CV 3053, 2019 WL 2164082, at *2 (E.D.N.Y. May 17, 2019).  After that, amendments are allowed "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

---

[8] Citations to "Pl.'s Resp." refer to plaintiff's letter "re: an incident that that took place on 7/28/2012," filed Feb. 22, 2022, ECF No. 218.

Rule 15 expresses a strong presumption in favor of allowing amendment, stating that "[t]he court should freely give leave when justice so requires." Id. While courts have broad discretion in deciding whether to grant motions to amend, the Second Circuit has cautioned that an amendment should only be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200-01 (2d Cir. 2007); see Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citing in addition, "repeated failure to cure deficiencies by amendments previously allowed").

Although the decision to grant a party's motion to file an amended pleading lies within the trial court's discretion, see Foman v. Davis, 371 U.S. 178, 182 (1962); see also Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995); In re 'Agent Orange' Prods. Liab. Litig., 220 F.R.D. 22, 24 (E.D.N.Y. 2004), aff'd, 517 F.3d 76 (2d Cir. 2008), cert. denied, Isaacson v. Dow Chem. Co., 555 U.S. 1218 (2009), the court should consider a number of factors, "including undue delay, bad faith, undue prejudice to the opposing party, or futility," or whether the amendment is "'unlikely to be productive.'" In re 'Agent Orange' Prods. Liab. Litig., 220 F.R.D. at 24 (quoting Ruffalo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993)); see also Foman v. Davis, 371 U.S. at 182; SCS Commc'ns, Inc. v. Herrick Co., Inc., 360 F.3d 329, 345 (2d Cir. 2004); Fariello v. Campbell, 860 F. Supp. 54, 70 (E.D.N.Y. 1994) (opining that the "party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial" (citation omitted)).

B. Analysis

Although plaintiff's letter filed in response to defendants' opposition to the Third Amended Complaint is slightly unclear, it now appears that plaintiff is only seeking to add the

July 28, 2012 claim.  (See ECF No. 217; Pl.'s Resp.).  Based on plaintiff's letter, he apparently

no longer seeks to add any of the defendants or other claims to which defendants objected in

their January 10, 2022 letter.  Accordingly, the Court addresses only plaintiff's request to amend

his Third Amended Complaint to add a claim based on an incident that occurred on July 28,

2012.

The "law of the case doctrine commands that 'when a court has ruled on an issue, that

decision should generally be adhered to by that court in subsequent stages in the same case'

unless 'cogent and compelling reasons militate otherwise.'"  Johnson v. Holder, 564 F.3d 95, 99

(2d Cir. 2009) (quoting United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002)).  The law

of the case doctrine applies with equal force to amendments.  See Bristol v. Schenk, No. 14 CV

6647, 2017 WL 4277158, at *3 (E.D.N.Y. Sept. 25, 2017).  In Bristol, the court allowed the *pro*

*se* plaintiff to amend his complaint, noting that, although the court had previously dismissed two

of plaintiff's claims, plaintiff's motion did "not indicate" whether his proposed additional claim

related to the same set of facts.  Id.

Here, plaintiff proposes adding a claim based on the July 28, 2012 incident, which is the

exact same incident that Judge Bianco previously found was untimely and barred by the statute

of limitations.  "Clearly, if plaintiff were simply repeating a claim in this proposed amended

complaint that had been previously dismissed or disallowed, the law of the case doctrine would

counsel against the proposed amendment."  Green v. Harris, No. 15 CV 6554, 2018 WL

6004042, at *7 (W.D.N.Y. June 7, 2018); see Powell v. New York State Dep't of Educ., No. 18

CV 7022, 2022 WL 900605, at *6 (E.D.N.Y. Mar. 28, 2022) (denying leave to amend where

judge previously dismissed claims); Mitchell v. Cuomo, No. 17 CV 0892, 2019 WL 1397195, at

*2 (N.D.N.Y. Mar. 28, 2019) (denying motion to amend complaint where "the Court previously

denied Plaintiff's motion to amend to add these claims" because the claims would not withstand

a motion to dismiss); see also Gurvey v. Cowan, Leibowitz & Latman, P.C., No. 06 CV 1202,

2015 WL 5472893, at *1 (S.D.N.Y. Sept. 17, 2015) (adopting recommendation of sanctions

where plaintiff proposed an amended complaint with "numerous claims that had been dismissed"

(alterations and quotations omitted)); cf. Traylor v. Hammond, 94 F. Supp. 3d 203, 211 (D.

Conn. 2015) (holding that defendants' motion to dismiss was not precluded by the law of the

case doctrine because "the issues in the instant motions either have not been ruled on, or any

ruling was in favor of the [defendants]").

The law of the case doctrine may not apply where "cogent and compelling reasons

militate otherwise," such as when there is "an intervening change in law, availability of new

evidence, or the need to correct a clear error or prevent manifest injustice." Powell v. New York

State Dep't of Educ., 2022 WL 900605, at *6 (citing Johnson v. Holder, 564 F.3d at 99-100). In

this case, however, plaintiff has indicated only that he was granted leave to "raise any/all

allegations/claims during" his "deposition, under oath dated 10/3/17." (Pl.'s Resp.). It is unclear

to this Court who gave plaintiff this permission. Perhaps what was meant was that plaintiff

could testify during his deposition about incidents that may have occurred as background to the

existing claims in his Complaint. That is not the same as authorizing him to amend his

Complaint to add new claims during his deposition. Indeed, the docket is devoid of any

statement from Judge Bianco or any other judge assigned to the case giving plaintiff leave to

amend the Complaint to add back in the July 28, 2012 incident that was found to be time-barred

by Judge Bianco. Although this Court stated, when Ordering plaintiff to amend his cComplaint

to substitute the names of the officers for the John Doe defendants, that plaintiff "may also

include any additional allegations or claims, including any that he may have raised during his

deposition," the Court did not pass on whether any of the claims would survive dismissal if defendants raised valid objections.  (See ECF No. 211).  Since there has been no showing of "an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice," Powell v. New York State Dep't of Educ., 2022 WL 900605, at *6, the law of the case precludes his July 28, 2012 claim because it is untimely on statute of limitation grounds.  Accordingly, the Court respectfully recommends that plaintiff's motion to amend his Complaint to add claims based on the July 28, 2012 incident be denied.

## CONCLUSION

The Court respectfully recommends that plaintiff's motion to amend be denied to the extent that the Third Amended Complaint contains claims that were previously stricken.  It is further recommended that plaintiff's proposed amendment to add claims alleging issues relating to plaintiff's conditions of confinement, damage or destruction of his personal property, or verbal abuse claims, as well as any claims filed against defendants John Stein, Vincent DeMarco, Charles Ewald, and the 49 previously added John Does also be denied.  The Court further recommends that plaintiff's motion to amend to add claims based on the July 28, 2012 incident also be denied and all of the above claims be struck from the Complaint.

Any objections to the Report and Recommendation portions must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendations to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: June 22, 2022
      Brooklyn, New York

                                      _Cheryl L. Pollak_

                                      CHERYL L. POLLAK
                                      Chief United States Magistrate Judge
                                      Eastern District of New York